No. 110,200

In the Matter of JEFFREY M. GOODWIN, *Respondent*.
(316 P.3d 748)

Opinion filed January 24, 2014.

*Kate F. Baird*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Jeffrey M. Goodwin*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Jeffrey M. Goodwin, of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas in 1997.

On April 25, 2013, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent untimely filed an answer on May 29, 2013. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on June 12, 2013.

The hearing panel determined that respondent violated KRPC 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) (2013 Kan. Ct. R. Annot. 484) (communication); 1.16(d) (2013 Kan. Ct. R. Annot. 569) (termination of representation); Kansas Supreme Court Rule 207(b) (2013 Kan. Ct. R. Annot. 336) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 208 (2013 Kan. Ct. R. Annot. 349) (registration of attorneys).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"8. On April 25, 1997, the Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas. Additionally, in October, 2001, the Missouri Supreme Court admitted the respondent to the practice of law in the State of Missouri.

"9.  On September 14, 2012, the Kansas Supreme Court suspended the respondent's license to practice law for failing to comply with the annual requirements to maintain his law license. On November 1, 2012, the Kansas Supreme Court reinstated the respondent's license to practice law.

"10.  In 2012, the respondent served on the juvenile appointment list for Wyandotte County, Kansas. By serving in that capacity, the respondent agreed to be available in the juvenile division on designated dates to assist juveniles facing prosecution.

"11.  On September 2, 2012, D.T. accompanied his 11-year-old son to an arraignment hearing in the juvenile division of the Wyandotte County District Court, on a charge of felony theft. D.T. and his son were not financially eligible for court-appointed counsel. The court continued the case to September 17, 2012, to allow D.T. time to retain counsel for his son. D.T. was encouraged to hire an attorney who was 'in the system.'

"12.  The respondent was in court that day on September 2, 2012, assisting indigent clients. D.T. and his son talked with the respondent at that time and requested that the respondent represent D.T.'s son. The respondent agreed to represent D.T.'s son for a fee of $500. D.T. paid the respondent $500.

"13.  The respondent failed to enter his appearance on behalf of D.T.'s son.

"14.  On September 17, 2012, D.T. and his son appeared in court for arraignment. The respondent failed to appear. Because the respondent did not appear, the court continued the case to October 17, 2012.

"15.  By this time, however, the Kansas Supreme Court had suspended the respondent's license to practice law. The respondent had taken no steps to notify the court, opposing counsel, or his clients that his Kansas license to practice law had been suspended.

"16.  On October 17, 2012, D.T. and his son again appeared in court. Again, the respondent failed to appear. In preparation for participation in the diversion program, court personnel directed D.T.'s son to view a video. Following the video, the respondent still had not arrived. D.T. and his son waited approximately one hour for the respondent. The respondent did not arrive during that hour. Court personnel called the respondent by telephone. The respondent instructed the court personnel that he could not appear that day but that he would appear at the next setting. Court personnel then informed D.T. and his son that the matter could not proceed without the presence of counsel and the case was set over to October 31, 2012. At the time the respon[dent] spoke with court personnel, the respondent was not licensed to practice law.

"17.  On October 31, 2012, D.T. and his son appeared in court again. Again, the respondent failed to appear in court. Deb Erickson, an attorney, was present and offered to assist D.T.'s son. Ms. Erickson assisted D.T.'s son and he began participating in the diversion program.

"18.  D.T. placed several telephone calls to the respondent throughout the period of representation. The respondent failed to return D.T.'s telephone calls.

"19.   Following the October 17, 2012, court appearance, D.T. contacted the respondent and requested that the respondent refund the $500 fee. The respondent never contacted D.T. nor did he refund the $500 fee.

"20.   On November 7, 2012, D.T. filed a complaint against the respondent with the disciplinary administrator. The disciplinary administrator and the attorney appointed to investigate the complaint directed the respondent to provide a written response to the complaint filed by D.T. The respondent never provided a written response to the complaint filed by D.T.

### "Conclusions of Law

"21.   It is appropriate to consider violations not specifically included in the Formal Complaint under certain circumstances. The law in this regard was thoroughly examined in *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984), as follows:

'Supreme Court Rule 211(b) (232 Kan. clxvi), requires the formal complaint in a disciplinary proceeding to be sufficiently clear and specific to inform the respondent of the alleged misconduct.

'The seminal decision regarding the applicability of the due process clause to lawyer disciplinary proceedings is found in *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117, *reh. denied* 391 U.S. 961, 88 S. Ct. 1833, 20 L. Ed.2d 874 (1968). There the United States Supreme Court held that a lawyer charged with misconduct in lawyer disciplinary proceedings is entitled to procedural due process, and that due process includes fair notice of the charges sufficient to inform and provide a meaningful opportunity for explanation and defense.

'Decisions subsequent to *Ruffalo* have refined the concept of due process as it applies to lawyer disciplinary hearings, and suggest that the notice to be provided be more in the nature of that provided in civil cases. The weight of authority appears to be that, unlike due process provided in criminal actions, there are no stringent or technical requirements in setting forth allegations or descriptions of alleged offenses. . . . Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the state is not required to plead specific rules, since it is the factual allegations against which the attorney must defend. . . . However, if specific rules are pled, the state is thereafter limited to such specific offenses. . . .

'Subsequent to the *Ruffalo* decision, the due process requirements in lawyer disciplinary proceedings have been given exhaustive treatment by this court. In *State v. Turner*, 217 Kan. 574, 538 P.2d 966 (1975), 87 A.L.R.3d 337, the court summarized prior Kansas and federal precedent on the question, including *Ruffalo*, and held in accordance with established precedent that the state need not set forth in its complaint the specific disciplinary rules allegedly violated . . . , nor is it required to plead specific allegations of misconduct. . . . What is required was simply stated therein:

"We must conclude that where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom. . . .

. . . .

"It is not incumbent on the board to notify the respondent of charges of specific acts of misconduct as long as proper notice is given of the basic factual situation out of which the charges might result.' "

235 Kan. at 458-59 (citations omitted). Thus, only when the formal complaint alleges facts that would support findings of violations of additional rules, will considering additional violations be allowed. In this case, the disciplinary administrator alleged that the respondent did not earn the $500 fee and that the respondent failed to return the unearned fee. Thus, the disciplinary administrator included sufficient facts in the formal complaint to warrant consideration of a violation of KRPC 1.16 and the hearing panel concludes that it is proper to consider a violation of KRPC 1.16.

"22.   Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.16, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 208, as detailed below. [Footnote: In addition, Ms. Baird alleged that the respondent violated KRPC 1.1 (competence), KRPC 1.5 (unreasonable fee), KRPC 3.2 (expediting litigation), KRPC 5.5 (unauthorized practice of law), KRPC 8.4(d) (conduct prejudicial to the administration of justice), and Kan. Sup. Ct. R. 211 (answer). The hearing panel does not find clear and convincing evidence that the respondent violated these rules. Specifically, with regard to Kan. Sup. Ct. R. 211, the hearing panel concludes that the respondent's answer was filed two weeks late. While the respondent did not comply with the rule, the hearing panel finds that the untimely filing of the respondent's answer did not impact the proceedings in a negative fashion, and a conclusion that the respondent violated Kan. Sup. Ct. R. 211(b) is not warranted.]

"KRPC 1.3

"23.   Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to diligently and promptly represent D.T.'s 11-year-old son. The Respondent failed to appear in court with the young boy. Finally, the Respondent's lack of diligence caused D.T. and his 11-year-old son to repeatedly make unnecessary trips to court. Because the Respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the Respondent violated KRPC 1.3.

"KRPC 1.4

"24.   KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed

to return D.T.'s telephone calls. Accordingly, the hearing panel concludes that the Respondent violated KRPC 1.4(a).

## "KRPC 1.16

"25.    KRPC 1.16 requires lawyers to take certain steps to protect clients after the representation has been terminated. Specifically, KRPC 1.16(d) provides the requirement in this regard:

> 'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The Respondent violated KRPC 1.16(d) when he failed to return the unearned fees. The hearing panel concludes that the Respondent violated KRPC 1.16(d).

## "Kan. Sup. Ct. R. 207(b)

"26.    Lawyers must cooperate in disciplinary investigations. Kan. Sup. Ct. R. 207(b) provides the requirement in this regard.

> 'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The Respondent knew that he was required to forward a written response to the initial complaint—he had been instructed to do so in writing by the disciplinary administrator and the attorney investigator. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by D.T., the hearing panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b).

## "Kan. Sup. Ct. R. 208

"27.    Attorneys are required to notify the clerk of the appellate courts of any change of address within thirty days. Kan. Sup. Ct. R. 208(c). In this case, the respondent's address changed and he did not provide the clerk of the appellate courts with the change of address information. As of the date of the hearing, the respondent still had not provided the clerk of the appellate courts with his current address. Accordingly, the hearing panel concludes that the Respondent violated Kan. Sup. Ct. R. 208(c).

## *"American Bar Association*
## *Standards for Imposing Lawyer Sanctions*

"28.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for

Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"29.   *Duty Violated.* The respondent violated his duty to his client to provide competent and diligent representation and adequate communication. The respondent violated his duty to the legal profession and the legal system to comply with the annual registration requirements to maintain his law license. The respondent violated his duty to the legal profession to cooperate in disciplinary investigations.

"30.   *Mental State.* The respondent knowingly violated his duties.

"31.   *Injury.* As a result of the respondent's misconduct, the respondent caused actual injury to his client, his client's father, the legal system, and the legal profession.

## "Aggravating and Mitigating Factors

"32.   Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"33.   *Prior Disciplinary Offenses.* In 2007, the respondent participated in the attorney diversion program for having violated KRPC 8.4(d).

"34.   *A Pattern of Misconduct.* The respondent has engaged in a pattern of misconduct by repeatedly failing to return D.T.'s telephone calls and by repeatedly failing to appear in court. As such, the hearing panel concludes that the respondent engaged in a pattern of misconduct.

"35.   *Multiple Offenses.* The respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.16, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 208. Thus, the respondent violated multiple rules.

"36.   *Bad Faith Obstruction of the Disciplinary Proceedings by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* The respondent failed to provide a written response to the initial complaint and the respondent failed to timely file his answer to the formal complaint. Accordingly, the hearing panel concludes that the respondent engaged in a bad faith obstruction of the disciplinary proceeding.

"37.   *Vulnerability of Victim.* D.T. and his son were vulnerable to the respondent's misconduct.

"38.   *Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1997. At the time of the misconduct, the respondent had been practicing law for approximately 15 years. The hearing panel concludes that the respondent had substantial experience in the practice of law.

"39.   *Indifference to Making Restitution.* To date, the respondent has taken no steps to return the unearned fees to D.T.

"40.   Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"41.   *Absence of a Dishonest or Selfish Motive.* The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"42.   *The Present and Past Attitude of the Attorney as Shown by the Attorney's Cooperation During the Hearing and the Attorney's Full and Free Acknowledgment of the Transgressions.* During the formal hearing, the respondent fully and freely acknowledged the misconduct.

"43.   In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42.   Suspension is generally appropriate when:

    (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

    (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.'

### "Recommendation

"44.   At the hearing on the formal complaint, Ms. Baird recommended that the respondent be indefinitely suspended or disbarred. The respondent requested that the hearing panel recommend that he be indefinitely suspended.

"45.   While the respondent's misconduct is serious, it does not warrant an indefinite suspension or disbarment from the practice of law. It is important to note that the respondent appears to have a certain level of distaste for the practice of law. In the opinion of the hearing panel, the level of discipline to recommend is not based on the respondent's attitude, but rather, the level of discipline to recommend is based on the seriousness of the misconduct.

"46.   Regardless of the respondent's bad attitude, the respondent must, however, make D.T. whole for his loss. Accordingly, the hearing panel directs the respondent to provide certified funds in the amount of $500 made payable to D.T., to Ms. Baird within 30 days of this report. The certified funds should be made payable to D.T. in the amount of $500.

"47.   Finally, based upon the findings of fact, conclusions of law, and the ABA Standards, and being mindful of the recommendation of Ms. Baird and the respondent, the hearing panel recommends that the respondent be suspended for a period of 18 months. Additionally, the hearing panel recommends the Kansas Supreme Court require that the respondent undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219.

"48.   At least at this time, the respondent has no intention of returning to the practice of law. If at some point in the future, the respondent desires to return to the practice of law, the hearing panel would recommend that the respondent undergo an attitude adjustment prior to appearing before the reinstatement hearing.

"49.   Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, the discipline to be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2013 Kan. Ct. R. Annot. 356). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint, to which he untimely filed an answer; he filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2013 Kan. Ct. R. Annot. 375). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 1.3 (2013 Kan. Ct. R. Annot. 464) (diligence); 1.4(a) (2013 Kan. Ct. R. Annot. 484) (communication); 1.16(d) (2013 Kan. Ct. R. Annot. 569) (termination of representation); Kansas Supreme Court Rule 207(b) (2013 Kan. Ct. R. Annot. 336) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 208 (2013 Kan. Ct. R. Annot. 349) (registration of attorneys) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. Before this court, where the respondent tardily appeared, the office of the Disciplinary Administrator recommended that the respondent be indefinitely suspended or disbarred and that he be required to appear at a reinstatement hearing pursuant to Kansas Supreme Court Rule 219 (2013 Kan. Ct. R. Annot. 407). The respondent requested indefinite suspen-

sion. The hearing panel recommended that respondent be suspended for a period of 18 months and that respondent undergo a reinstatement hearing, pursuant to Rule 219. We hold that respondent should be suspended from the practice of law for 18 months effective as of the date of this opinion and that he be subject to a Rule 219 reinstatement hearing before his suspension may be lifted.

### CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Jeffrey M. Goodwin be suspended from the practice of law in the state of Kansas for a period of 18 months as of the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2013 Kan. Ct. R. Annot. 300).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2013 Kan. Ct. R. Annot. 406) and Rule 219.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.